WALLACE, JUDGE:
On August 24, 1977, at about 10:30 a.m., the claimant was driving his 1976 Ford Bronco in a northerly direction on West Virginia Route 20. He was proceeding from his home in Leiv-asy to keep an appointment with a doctor in Richwood. At the time it was raining very hard, and, according to the claimant, it had rained throughout the entire night. As the claimant came out of a turn near the Nettie Grade School, he observed a large accumulation of water on the road about eighty to ninety feet *129 ahead of him. Route 20 at this point is a two-lane asphalt road, one lane for northbound traffic and one lane for southbound traffic, and the lanes are separated by double yellow lines. The road is crowned in the middle to facilitate drainage, and, as was established by the evidence, is seven inches higher in the center of the road than at the edges of the roadway.
The claimant testified that he was traveling between 30 and 35 miles per hour when he first observed the water which was entirely covering his northbound lane of travel, and that while he slowed his vehicle, he lost control of it when it entered the water. As a result, the vehicle struck the embankment on the right-hand side of the road and was damaged to the extent of $517. Claimant also testified that he had unobstructed vision 150 to 175 feet north of the accident scene and that no traffic was approaching from the opposite direction, but that he did not avoid the water by proceeding left of center for fear that he would be violating the law in crossing a double line.
The testimony further revealed that the water had accumulated on the road as the result of a clogged culvert on the east side of the road. The claimant was of the opinion that the water was from 12 to 18 inches deep on the right-hand or east edge of the road, and Hubert H. Greathouse, who resided near the accident scene and who testified on behalf of claimant, was of the opinion that the water was 18 inches deep at the edge of the road. On the other hand, H. B. Dodrill, a maintenance foreman of respondent, testified that when he arrived at the accident scene shortly after claimant’s vehicle had been removed, the water at the right-hand side of the road was only 4 inches deep.
The witness Greathouse clearly established that respondent had prior knowledge of the clogged culvert. Two weeks prior to the accident he had visited respondent’s headquarters and complained about stagnant water standing in the culvert, and a week later, respondent’s employees had inspected the culvert but made no repairs. Greathouse further testified that at approximately 9:00 a.m. on the morning of the accident, his wife, at his request, phoned respondent’s headquarters and reported the water accumulation, but nothing was done until after claimant’s accident. While this Court is of the opinion *130 that the negligence of the respondent in failing to maintain the subject culvert has been established, we are equally convinced that the claimant’s own testimony demonstrates that he was guilty of contributory negligence which proximately contributed to claimant’s accident. While it is most laudable for claimant to have refused to cross the double line for fear of violating the law, his falure to do so when there was no approaching traffic for a distance of some 150 to 175 feet constituted negligence, and, for that reason, we make no award.
Claim disallowed.